UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Charley, #265146, | C/A No. 6:10-1204-CMC-WMC |
| Plaintiff, | |
| | **REPORT AND RECOMMENDATION** |
| vs. | |
| Office of the Attorney General; Attorney General Henry McMaster; Mary S. Williams, Assistant Attorney General, | |
| Defendants. | |

The plaintiff, Timothy Charley ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name several officers or employees of a governmental entity as defendants.[2] Plaintiff claims that the defendants violated his constitutional rights by obstructing justice in a grossly negligent manner. Plaintiff seeks money damages, and he requests that he be awarded the relief sought in his PCR proceeding. The complaint should be dismissed for failure to state a claim on which relief may be granted and immunity.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

### *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the

complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff brings this civil action against Henry McMaster, the South Carolina Attorney General, and his Assistant South Carolina Attorney General, Mary S. Williams, based upon their alleged "negligence by excessive and unlawful delay and obstruction of justice." It appears that Plaintiff was convicted by guilty plea on September 9, 2004, for armed

3

robbery in the Orangeburg County Court of General Sessions and that he received a 15-year sentence.  *See* Orangeburg County First Circuit Public Index (enter the plaintiff's name, click on "search public index," click on Case No. H662267) (last visited May 20, 2010).[3]  Plaintiff alleges that he filed a post conviction relief action ("PCR") on May 7, 2009, in the Orangeburg County Court of Common Pleas.  Plaintiff alleges that he received a conditional order of dismissal which gave him twenty days to show why the order should not become the final order.  Plaintiff alleges that he filed several documents in his PCR action, including "'Summary Judgement' Action" and "Default For Judgement," and that the defendants also filed several documents in the action.  Plaintiff alleges that the defendants did not respond to certain of Plaintiff's documents and that within certain documents the defendants made erroneous and false representations to the court.  Plaintiff argues that the defendants' conduct was grossly negligent and obstructed justice.  Plaintiff seeks money damages, and he requests "to be rewarded the relief being sought through his P.C.R. (ten years non-violate (sic) with time already served.)"  Although Plaintiff's complaint does not disclose it, it appears that the Orangeburg County Court of Common Pleas entered a final order to dismiss Plaintiff's PCR action on February 26, 2010.  *See* Orangeburg County First Circuit Public Index (enter the plaintiff's name, click on "search public index," click on Case No. 2009CP3800796, click on "Actions") (last visited May 20, 2010).

---

[3] The court may take judicial notice of factual information located in postings on government websites.  *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

**Discussion**

Negligence, in general, is not actionable under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").  In this case, Plaintiff essentially brings suit against the defendants McMaster and Williams for negligent conduct.  Plaintiff alleges that in the legal briefs filed with the circuit court in his PCR case, the defendants misrepresented facts to the court concerning whether the Attorney General's Office had responded to Plaintiff's briefs and with regard to which brief Plaintiff did file on a certain date.  This claim sounds in negligence that the defendants made mistakes in their legal briefs' factual recitations.  Thus, Plaintiff's allegations fail to state a cognizable § 1983 claim because negligence is not actionable.

Similarly, Plaintiff's request "to be rewarded the relief being sought through his P.C.R. (ten years non-violate (sic) with time already served)" is not relief available in a § 1983 action.  Plaintiff appears to request that this court order the State to release Plaintiff from prison based upon the time he has served.  Release from prison is not available in a civil rights action.[4]  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or

---

[4] To the extent Plaintiff seeks to vacate his State conviction, that is more appropriate for a 28 U.S.C. § 2254 habeas action.  Plaintiff can obtain a blank federal § 2254 habeas form from the Clerk of Court if he desires to file a habeas action.

duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

Even if Plaintiff alleged more than mere negligence, such as a due process violation, and did state a cognizable § 1983 claim, this action is subject to dismissal because it seeks monetary relief from a defendant who is immune from such relief. *See* Title 28 U.S.C. § 1915(e)(2). In South Carolina, the South Carolina Attorney General is the chief prosecuting officer of the State of South Carolina. *See* S.C. Code Ann., S.C. CONST Art. V, § 24 (1995). The South Carolina Attorney General and the South Carolina Assistant Attorney Generals have absolute immunity from personal liability under 42 U.S.C. § 1983 because they are entitled to prosecutorial immunity for activities intimately associated with the judicial phase of the criminal process. *See, e.g., Williams v. Condon*, 553 S.E.2d 496 (S.C. App. 2001); *Garrett v. McMaster*, 7:07-2952-HFF-WMC, 2008 WL 3411673 (D.S.C. Aug. 11, 2008) (finding that the Attorney General and a former Assistant Attorney General had prosecutorial immunity for conduct related to presenting the State's case). *Cf. Van de Kamp v. Goldstein*, 129 S.Ct. 855 (2009) (noting that prosecutors have absolute immunity from § 1983 actions unless the conduct involves administrative duties such as workplace hiring, payroll administration, or the maintenance of physical facilities). The defendants' alleged wrongful conduct relates to the legal briefs filed on behalf of the State of South Carolina in the State's effort to ensure that Plaintiff's criminal conviction was not set aside. This alleged conduct is intricately related to the judicial process and to the prosecution of the State's case against Plaintiff. *See Wilder v. Brooks*, C/A No. 3:08-3089-MBS-JRM, 2009 WL 291065 (D.S.C. Feb. 4, 2009) (noting that in South Carolina the Attorney

General's Office supplies attorneys who represent the State in PCR actions and those attorneys serve as prosecutors because they urge the PCR judge to uphold the criminal sentence under attack). Therefore, the defendants have absolute immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Lastly, to the extent Plaintiff brings suit against the Office of the Attorney General and against McMaster and Williams in their official capacities, this suit is barred by the Eleventh Amendment. "State sovereign immunity is a bedrock principle of 'Our Federalism.'" *Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009) (citation omitted). When the States entered the Union they consented to a system of dual sovereignty and did not agree to become mere appendages of the Federal Government. *Id.* The Eleventh Amendment to the United States Constitution reflects the foundational principle of sovereign immunity because it divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department. *See Id.* The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although

express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). It is clear that the South Carolina Office of the Attorney General is an agency of South Carolina. *See Field v. McMaster*, C/A No. 6:09-1949-HMH-BHH, 2010 WL 1076060 (D.S.C. March 18, 2010). Thus, because Plaintiff seeks money damages from a State agency, this action is barred in this court. Additionally, the Eleventh Amendment bars suits against state officials acting in their official capacities. *See Morstad v. Dept. of Corr.*, 147 F.3d 741, 744 (8th Cir. 1998).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

May 21, 2010  
Greenville, South Carolina

s/William M. Catoe  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).