IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Timothy Charley, #265146, | C/A NO. 6:10-1204-CMC-WMC |
| Plaintiff, | |
| | **OPINION and ORDER** |
| v. | |
| Office of the Attorney General; Attorney General Henry McMaster; Mary S. Williams, Assistant Attorney General, | |
| Defendants. | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge William M. Catoe for pre-trial proceedings and a Report and Recommendation ("Report"). On May 21, 2010, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process for failure to state a claim upon which relief can be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on June 3, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Plaintiff's objections are without merit and fail to recognize that Defendants are immune from suit. To the extent Plaintiff contends his conviction was somehow infirm based upon an alleged *Brady*[1] violation, any relief available is not available in a § 1983 action.

This action is dismissed without prejudice and without issuance and service of process for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 21, 2010

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

C:\Documents and Settings\Mlb87\Local Settings\Temp\notes6030C8\10-1204 Charley v. Office of the Attorney General adopt rr dism for failure to state a claim.wpd